UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JONATHAN MITCHELL, | § | |
| SO #93416, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-18-184 |
| | § | |
| CHRIS KIRK, | § | |
| | § | |
| Respondent. | | |

## MEMORANDUM AND ORDER OF DISMISSAL

Petitioner Jonathan Mitchell (SO #93416), a pretrial detainee currently in the custody of the Brazos County Jail under felony indictment, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention. *See* Docket Entry No. 5 at 2. Petitioner proceeds *pro se* but has not submitted the filing fee nor has he filed an application to proceed *in forma pauperis* even though he was instructed to do so on January 29, 2018. *See* Docket Entry No. 3. After reviewing the pleadings and the applicable law, the Court concludes that the petition must be dismissed without prejudice for the reasons set forth briefly below.

### I. BACKGROUND

Petitioner discloses that he is awaiting trial in the 361st Judicial District Court for Brazos County, Texas in cause number 15-00120-CRF-361 for evading arrest with a vehicle and abandoning or endangering a child. *See* Docket Entry No. 5 at 3. He also reports that his parole was revoked on November 6, 2014. *Id.* at 5.

Petitioner asserts that his constitutional rights are being violated because he was not properly served with the indictment; the grand jury foreman did not sign his indictment; he is being subjected to charges under the same cause number in violation of double jeopardy; cruel

and unusual punishment for being confined for 3 years and four months without presenting an indictment; and the issuance of a warrant for his arrest on a parole violation before the indictment was ever served. *See* Docket Entry No. 5 at 6-7. Petitioner discloses that he has raised the indictment and grand jury issues with the trial court, but that there has not been a final decision on his motion. *See id.* at 3-4. He also indicates that he has neither filed a state application for habeas corpus regarding these issues, nor has he filed any petitions, applications, or motions in any state or federal court challenging his parole revocation. *Id.* at 4-5.

## II.     EXHAUSTION OF REMEDIES

A state pretrial detainee may seek a federal writ of habeas corpus under 28 U.S.C. § 2241 only if the following two prerequisites are met: (1) the petitioner must be in custody for purposes of § 2241(c); and (2) the petitioner must have exhausted available state remedies. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973). Although Petitioner meets the first prerequisite for review because he alleges he is presently confined in Brazos County Jail, he does not meet the second criteria because it is apparent from the pleadings that he has not exhausted available state court remedies before seeking relief in federal court.

It is well established that a state prisoner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (citations omitted). "The purpose of exhaustion 'is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious

claims may be vindicated and unfounded litigation obviated before resort to federal court.'" *Ruiz v. Quarterman*, 460 F.3d 638, 642-643 (5th Cir. 2006) (quoting *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 10 (1992)). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B); *see also Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) (holding that the exhaustion requirement applies to all habeas corpus actions). A reviewing court may raise a petitioner's failure to exhaust *sua sponte*. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

To exhaust remedies in Texas, a petitioner must present his claims to the Texas Court of Criminal Appeals by filing an appeal followed by a petition for discretionary review or by filing an application for a writ of habeas corpus. *See Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990) (exhaustion may be accomplished directly in a petition for discretionary review or collaterally in a habeas corpus petition). In the pre-conviction context, a Texas prisoner confined after a felony indictment may file an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which he is indicted. *See* TEX. CODE CRIM. PROC. § 11.08 (Vernon 2017). If the trial court denies habeas relief under Article 11.08, the applicant's remedy is to take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g., Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n. 5 (Tex. Crim. App. 1981) (citations omitted)).

Petitioner discloses that he has not appealed any state rulings through the state appellate process by seeking state review as outlined above. *See* Docket Entry No. 1 at 6-8. Thus, Petitioner has not exhausted available state court and administrative remedies, and Petitioner

does not otherwise show that exceptional circumstances are present or that federal court intervention at this stage is warranted. *See Younger v. Harris*, 401 U.S. 37, 43-45 (1971). Accordingly, the pending federal habeas petition must be dismissed without prejudice for lack of exhaustion.

## III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.; Beazley v. Johnson,* 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley,* 242 F.3d at 263 (quoting *Slack,* 529 U.S. at 484); *see also Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir.2000). A district court may deny a certificate of appealability, *sua sponte,* without requiring further briefing or argument. *Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).

For the reasons set forth in the Memorandum and Order on Dismissal, the Court has determined that petitioner has not made a showing that reasonable jurists could disagree regarding the Court's procedural ruling. Therefore, a certificate of appealability from this decision will not issue.

IV. **CONCLUSION AND ORDER**

1. Petitioner's petition for a writ of habeas corpus is **DISMISSED** without prejudice for lack of exhaustion.

2. A certificate of appealability is **DENIED**.

3. All other pending motions, if any, are **DENIED**.

The Clerk shall send a copy to the parties.

SIGNED at Houston, Texas, this 12th day of April, 2018.

                                        MELINDA HARMON
                                  UNITED STATES DISTRICT JUDGE